UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MICHAEL BARD,

    Petitioner,

v.

    Case No. 2:13-CV-12730
    Hon. Paul D. Borman

CINDI CURTIN,

    Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Joseph Michael Bard, ("Petitioner"), incarcerated at the Oaks Correctional Facility in Manistee, Michigan, has filed a petition for writ of habeas corpus. The petition challenges his April 23, 2013, Oakland Circuit Court guilty plea convictions of armed robbery, MICH. COMP. LAWS § 750.529, and bank robbery. MICH. COMP. LAWS § 750.531A. Petitioner claims that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated when he received two sentences for these offenses that arose from a single incident. The petition for writ of habeas corpus will be SUMMARILY DENIED.

### I. Background

Petitioner plead guilty in the Oakland Circuit Court to bank robbery and armed robbery arising out of a single incident in which he robbed a teller at a Fifth Third Bank in Pontiac, Michigan. Following his plea, Petitioner was sentenced to two concurrent terms of 20-to-50 years in prison.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming that his two sentences for the single act violated double jeopardy. The application was denied "for lack of merit in the grounds presented." *People v. Bard*, No. 313277 (Mich. Ct. App. December 17, 2012). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. That application was denied because the court was "not persuaded that the question presented should be reveiwed." *People v. Bard*, No. 146544 (Mich. Sup. Ct. April 29, 2013).

## II. Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Petitioner claims that his convictions and sentences for both armed robbery and bank robbery violate the Double Jeopardy Clause of the Fifth Amendment because he committed a single criminal act.

The test for the multiple-punishment aspect of the Double Jeopardy Clause focuses on legislative intent. This is because "legislatures, not courts, prescribe the scope of punishments." *Missouri v. Hunter*, 459 U.S. 359, 368 (1983). The Fifth Amendment is a check against the judiciary — it prohibits courts from imposing sentences exceeding "the limits prescribed by the

2

legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citing *Ohio v. Johnson*, 467 U.S. 493, 499 (1984)).

When a state statute is at issue, as in this case, the state court's interpretation of the statute controls. *Missouri v. Hunter*, 459 U.S. 359, 368 (1983) ("[T]he Missouri Supreme Court has recognized that the legislature intended that punishment for violations of the statutes be cumulative. We are bound to accept the Missouri court's construction of that State's statutes." Here, the Michigan Courts have held that the Michigan Legislature intended for multiple punishments to be imposed for a single incident which violates both the armed robbery and bank robbery statutes:

> The crime of bank robbery can be committed in two forms: the assaultive form of bank robbery, or the non-assaultive form of safe-breaking. *People v. Cambell*, 165 Mich. App. 1, 6 (1987). Because "the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case", *People v. McIntire*, 461 Mich. 147, 153 (1999), we focus our double jeopardy analysis on whether the assaultive form of bank robbery and armed robbery are overlapping offenses.
>
> Comparison of these two offenses leads to the conclusion that convictions for each require proof of an element the other does not. Our Supreme Court has recently confirmed that the crime of armed robbery encompasses attempts to commit larceny and that no completed larceny is required. *People v. Williams*, 491 Mich. 164, 172 (2012). The crimes of armed robbery and bank robbery thus both encompass attempts to commit the crime of larceny. MICH. COMP. LAWS § 750.531; *People v. Williams*, 288 Mich. App. 67, 80 (2010), aff'd by 491 Mich. 164 (2012). However, overlap, even substantial overlap, of elements necessary to prove each crime does not suffice to place a defendant in double jeopardy; the test is whether each crime requires proof of an element the other does not. *People v. Smith*, 478 Mich. 292, 303 (2007) (citation omitted).
>
> Armed robbery requires proof that the defendant possessed or feigned possession of a dangerous weapon. MICH. COMP. LAWS § 750.529. Contrary to defendant's assertion, MICH. COMP. LAWS § 750.531 does not require such proof; rather, that statute requires proof that the defendant confined, maimed, injured,

wounded, or attempted or threatened those actions in the course of committing the offense. These are elements that are not required to prove armed robbery.n1 Similarly, MICH. COMP. LAWS § 750.531 requires proof that the defendant acted with intent to steal property from "any building, bank, safe, vault or other depository of money, bonds, or other valuables." MICH. COMP. LAWS § 750.531. Armed robbery does not require such proof. MICH. COMP. LAWS § 750.529; *Chambers*, 277 Mich. App. at 7.

n1 Although defendant argues that the Legislature contemplated that the assaultive form of bank-robbery would be accomplished by the use of a weapon, judicial construction of an unambiguous penal statute to require proof of an additional element is neither permitted nor appropriate. See *People v. Morey*, 461 Mich. 325, 330 (1999).

This Court reached the same conclusion in *People v. Ford*, 262 Mich. App. 443, 458 (2004). There we analyzed whether the defendant was subjected to double jeopardy by his convictions under the bank robbery statute and the pre-2004 amendment version of the armed robbery statute. *Id*. at 121; see also *Chambers*, 277 Mich. App. at 6-7. We also applied the double jeopardy analysis established in *People v. Robideau*, 419 Mich. 458, 484 (1984), overruled by *Smith*, 478 at 319 (2007). While the *Robideau* analysis is no longer used by Michigan Courts, see *Smith*, 478 at 319, the court in *Ford* also analyzed the two offenses under *Blockburger*, and concluded, as we do today, that the offenses each contained elements the other did not. *Ford*, 262 Mich. App. at 458. The 2004 amendment to the armed robbery statute does not alter this result, because armed robbery still "lacks an element necessary to violate the bank, safe, or vault robbery statute: the intent to steal property from 'any building, bank, safe, vault, or other depository of money, bonds, or other valuables'" and also "contains elements never required to prove bank . . . robbery: the use of a 'dangerous weapon, or any article used or fashioned in a manner to lead the person so assault to reasonably believe it was a dangerous weapon.'" *Id*. at 458 (citations omitted).

Because armed robbery, MICH. COMP. LAWS § 750.529, and bank robbery, MICH. COMP. LAWS § 750.531, each require proof of a separate and distinct element, convictions under both statutes for the same criminal transaction do not violate the double jeopardy clause of the state or federal constitution. *Blockburger*, 284 U.S. at 299, 304; *Smith*, 478 Mich. at 315-316, 319, 324.

*People v. McMahon*, 2012 Mich. App. LEXIS 1407, *4-7 (Mich. Ct. App. July 24, 2012).

The state court is the final expositer of its own laws. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Therefore, this Court cannot second-guess the Michigan Court of Appeals's

4

conclusion that the Michigan legislature intended for multiple punishments to be imposed on someone who commits both felony-murder and the underlying predicate offense. Because that legislative intent has been decided by the Michigan Court of Appeals, Petitioner's double jeopardy claim must fail.

Accordingly, habeas relief is denied.

### III. Certificate of Appealability

The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

### IV. Order

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

                                              s/Paul D. Borman
                                              HONORABLE PAUL D. BORMAN
                                              UNITED STATES DISTRICT COURT

Dated: June 25, 2013


## CERTIFICATE OF SERVICE

Copies of this Order were served on the plaintiff and attorneys of record by electronic means or U.S. Mail on June 25, 2013.

                                              s/Deborah R. Tofil
                                              Case Manager