UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BARD,

                    Petitioner,                          Case Number 2:13-cv-12730
                                                      Honorable  Paul D. Borman

v.

CINDI CURTIN,

                    Respondent.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 6]**

       Petitioner, Joseph Bard, a state  prisoner, filed this case under 28 U.S.C. § 2254. On June 25, 2013, the Court summarily denied the petition and also denied Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis. Before the Court is Petitioner's motion for reconsideration, which the Court will construe as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6).

       Petitioner's motion explains that he was in administrative segregation for a year starting on August 29, 2013, and he did not have access to the Court during that period of time. A letter from a prison legal writer attached to the motion indicates that Petitioner sought legal assistance after the dismissal of his petition. The legal writer indicated that he could not assist Petitioner because the request for assistance was "well beyond" the 30-day deadline for filing a notice of appeal. Petitioner indicates that he is now in general population at the Carson City Correctional Facility and finally has access to a law library.

       Federal Rule of Appellate Procedure 4(a)(6) provides that when a party does not receive notice of a judgment in accordance with Federal Rule of Civil Procedure 77(d), the district court may reopen the time to file an appeal if the motion to reopen is filed within 180 days after the

judgment is entered, or within fourteen days after the party receives notice, whichever is earlier.

Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal. *See Bowles v. Russell*,

551 U.S. 205, 209 (2007). Petitioner's current motion was filed long after the expiration of the 180

day period allowed by Rule 4(a)(6). Accordingly, Petitioner is not entitled to reopen the time for

filing an appeal.

Though this may seem a harsh result, the time frame is jurisdictional and cannot be extended.

The Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a

jurisdictional requirement" and that such a jurisdictional requirement cannot be waived for equitable

reasons. *Bowles*, 551 U.S. at 214 (citing cases and explaining that federal appellate courts "routinely

and uniformly dismiss untimely appeals for lack of jurisdiction"). The Court therefore lacks

authority to extend the time for filing an appeal.

To the extent Petitioner is seeking reconsideration of the Court's order of dismissal, Local

Rule 7.1(h) requires a party to demonstrate a palpable defect by which the Court and the parties have

been misled and that a different disposition of the case must result from a correction thereof. A

palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*,

972 F. Supp. 426, 427 (E.D. Mich. 1997). Because Petitioner's motion does not present any grounds

for reconsidering the Court's order of summary dismissal, the motion for reconsideration will be

denied. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2014

-2-

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2014.

s/Deborah Tofil
Case Manager